# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DARNELL LEON DYSON, JR.,

    *Petitioner*,

v.

FEDERAL BUREAU OF PRISONS, *et al.*,

    *Respondents*.

Civil Action No. 17-1265 (RDM)

## MEMORANDUM OPINION AND ORDER

Petitioner Darnell Leon Dyson Jr. initiated this action by filing a pleading captioned "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." Dkt. 1 at 1. Consistent with the rules governing habeas petitions, Dyson paid the required $5 filing fee. *See* 28 U.S.C. § 1914(a). In all other cases, the party "instituting any civil action, suit or proceeding" must either pay a filing fee of $400, *see id.* § 1914(a), (b), and accompanying note, or receive leave of court to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915.

Dyson is presently incarcerated in the USP Florence Administrative Maximum Facility ("USP Florence ADMAX") in Florence, Colorado. Dkt. 1 at 1. As "respondents," the petition names Jack Fox, the Warden of USP Florence ADMAX, and the Federal Bureau of Prisons. *Id.* Although not entirely clear, the crux of Dyson's complaint appears to be that he was required to provide a urine sample and was forced to consume fluids while he was fasting for Ramadan, violating his right to engage in the free exercise of his religion.[1] Dyson further alleges that, as a

---

[1] It is unclear whether Dyson asserts a violation of his constitutional rights under the Free Exercise Clause of the First Amendment, U.S. Const. amend. I, and/or violations of his statutory rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, and Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1. *See* Dkt. 1 at 6 (referring to

result of the incident, he was deprived of 40 days of good time credit, *id.* at 6, and was transferred to USP Florence ADMAX, which is "not designed or equipped to meet the [needs] of handicap[ped] prisoners" like Dyson, *id.* at 21. Finally, Dyson alleges that he was threatened with "bodily harm" and "waterboarding" in the course of this incident. *Id.* at 23.

Documents from the Bureau of Prisons attached to Dyson's petition tell a different story. They assert, for example, that Dyson committed a prohibited act by refusing to provide a urine sample, that he was not required to drink water, and that, in fact, he declined to do so. *Id.* at 9. According to the Bureau of Prisons, "it [was not] a requirement to drink . . . water in order to provide a urine sample." *Id.* The Bureau of Prisons agrees, however, that Dyson was deprived of 40 days of good time credit, and it also notes that he received 30 days of disciplinary segregation and lost visiting privileges for 6 months. *Id.*

Dyson seeks several forms of relief. He asks that the Court (1) order the respondents to "remove [him] from illegal custody [and] release [him] from illegal imprisonment;" *id.* at 10; (2) enjoin the respondents from disallowing 40 days of good time credit, *id.* at 14–15; (3) enjoin the respondents from denying his expedited transfer to a medical facility, *id.* at 14; (4) declare that respondents violated his free exercise rights, *id.*; and (5) award $100,000 in punitive damages, *id*.

Dyson's last two requests plainly do not sound in habeas and, accordingly, cannot properly be considered in the context of Dyson's pending petition. Nothing in 28 U.S.C. § 2241 authorizes a court to award damages or to issue a declaratory judgment about whether a prisoner

---

Dyson's exercise of "constitutional rights as established by the Religious Land Use [a]nd Institutionalized Persons Act . . . and [his] rights g[ua]r[a]nteed under [the] Religious Freedom Restoration Act"); *id.* at 14 (requesting a declaration that respondents violated "rights protected and g[ua]r[a]nteed under the United States Constitution as a secured liberty interest in his [r]eligious [b]eliefs").

was deprived of his First Amendment rights. As the Supreme Court has explained, if a "prisoner is seeking damages, he is attacking something other than the fact or length of his confinement," and thus "habeas corpus is not an appropriate or available remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). The same is also true with respect to a claim seeking a declaration that a past action violated a prisoner's First Amendment rights.

This defect, moreover, cannot be cured by simply treating Dyson's claims for damages and declaratory relief as distinct from his claims that properly sound in habeas corpus. To start, Dyson has not paid the required filing fee of $400 to bring such a civil action, nor has he sought leave to proceed *in forma pauperis*. Moreover, to the extent that Dyson's claim for damages, if successful on the merits, would "necessarily imply the invalidity of [his] confinement or shorten its duration," he cannot proceed without first succeeding on his related habeas claim. *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 665 (D.C. Cir. 2013) (emphasis omitted) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

Dyson's first two requests for relief, in contrast, are founded on "challeng[es] [to] the very fact or duration of his physical imprisonment." *Preiser*, 411 U.S. at 500. Accordingly, Dyson's "sole federal remedy is a writ of habeas corpus." *Id.* Under 28 U.S.C. § 2241(a), however, district courts may grant habeas relief only "within their respective jurisdictions." "Because '[a] writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in . . . custody,' a court may issue the writ only if it has jurisdiction over that person." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1237–38 (D.C. Cir. 2004) (alterations in original) (citation omitted) (quoting *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973)). Accordingly, for habeas petitions "challenging present physical

3

confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Here, to the extent that Dyson seeks relief that sounds in habeas, he has properly named the warden of his facility, Jack Fox, as a respondent. *See* Dkt. 1 at 1. But Dyson has not filed his petition in the "the district of confinement," the U.S. District Court for the District of Colorado. This Court therefore lacks "territorial jurisdiction" to entertain Dyson's petition for habeas relief. *Day v. Obama*, No. 15-671, 2015 WL 2122289, at *1 (D.D.C. May 1, 2015), *aff'd sub nom. Day v. Trump*, No. 15-5144 (D.C. Cir. June 23, 2017); *see also Lane v. United States*, No. 14-731, 2015 WL 6406398 (D.D.C. Oct. 21, 2015) (explaining that the territorial-jurisdiction requirement is like personal jurisdiction or venue). The Court will, accordingly, transfer Dyson's claims with respect to his release from "illegal imprisonment," Dkt. 1 at 10, and the restoration of his good conduct time, *id.* at 14–15, to the U.S. District Court for the District of Colorado.

This, then, leaves Dyson's claim seeking a medical transfer. The D.C. Circuit and the Tenth Circuit differ on whether habeas petitioners may raise challenges to the conditions of their confinement. *Compare Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) ("[A] prisoner may, in a federal habeas corpus petition, challenge the conditions of his confinement." (internal quotation marks omitted)), *with United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) ("[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to *Bivens* . . . ."). Under D.C. Circuit law, Dyson's claim for an injunction mandating accommodation of his handicap may be included in his habeas petition, *Dhiab v. Trump*, 852 F.3d 1087, 1089 (D.C. Cir. 2017), and this Court is bound to follow the law of this circuit. The

Court recognizes, however, that the U.S. District Court for the District of Colorado is bound to follow Tenth Circuit law, which may require a different result. Under these circumstances, the Court concludes that it should transfer Dyson's challenge to the conditions of his confinement to the district in which the warden is found, as contemplated by the law of this circuit, and will leave it to the transferee court to determine whether that claim survives the transfer.

For the foregoing reasons, it is hereby

**ORDERED** that Petitioner's claims for a declaratory judgment and for damages are dismissed without prejudice; and it is further

**ORDERED** that Petitioner's claims for release from imprisonment, restoration of good time credit, and medical transfer shall be transferred to the U.S. District Court for the District of Colorado.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 15, 2017